UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                                      **DECISION AND ORDER**
                                                                                         11-CR-116S (2)

VICTOR MONGE,

                    Defendant.

Presently before this Court is Defendant Victor Monge's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2). (Docket No. 394.) Defendant maintains that he is eligible for a reduction in his sentence under Amendments 782 and 788 of the United States Sentencing Guidelines, which together modify U.S.S.G. § 2D1.1 to lower sentencing ranges for certain categories of drug-related offenses. For the following reasons, Defendant's motion is denied.

On December 2, 2013, Defendant pleaded guilty to conspiracy to possess with intent to distribute 1 kilogram or more of heroin, in violation of 21 U.S.C. § 846. (Docket No. 209.) Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed that, notwithstanding the applicable advisory guideline range, a sentence of 180 months was appropriate. (Id.) This Court sentenced Defendant to the agreed upon 180 months on August 13, 2014. (Docket No. 319.)

Thereafter, on March 21, 2016, Defendant moved for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) based on amendments to the United States Sentencing Guidelines that reduced sentencing ranges for certain categories of drug-related offenses.

(Docket No. 394.)

A court may modify a term of imprisonment once it has been imposed "in the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2) (emphasis added).  Whether a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement, which requires imposition of the sentence set forth in the accepted plea agreement,[1] is "based on" a sentencing range set forth in the Guidelines was at issue in Freeman v. United States.  -- U.S. --, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011).

In Freeman, a four-justice plurality concluded that a judge who previously imposed a sentence based on a Rule 11(c)(1)(C) plea should be able to "revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the [Rule 11(c)(1)(C) plea] agreement."  Id. at 2692-93.  Justice Sotomayor agreed with the plurality, but on narrower grounds.

In Justice Sotomayor's view, a sentence imposed pursuant to a Rule 11(c)(1)(C) plea is "based on" the Guidelines only if the plea agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment."

---

[1]Rule 11(c)(1)(C) provides as follows:

> An attorney for the government and the defendant's attorney, or the defendant, when proceeding pro se, may discuss and reach a plea agreement.  The court must not participate in these discussions.  If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will . . . (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

Id. at 2695 (Sotomayor, J., concurring). A plea agreement expressly uses a Guidelines sentencing range, for example, when the agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range" or the agreement "makes clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty . . . [a]s long as that sentencing range is evident from the agreement itself . . . ." Id. at 2697-98. Because Justice Sotomayor's view is the narrowest ground of the plurality opinion, it constitutes the Court's holding. See Marks v. United States, 430 U.S. 188, 193, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977) (noting that in the absence of a majority opinion, the opinion concurring on the narrowest ground constitutes the Supreme Court's holding); see also United States v. White, 429 F. App'x 43, 47 (2d Cir. 2011) (recognizing Justice Sotomayor's opinion as the "controlling concurrence").

As previously stated, this Court sentenced Defendant to a 180-month term of imprisonment based on the parties' Rule 11 (c)(1)(C) agreement, *not* based on the advisory guideline sentencing range, thus rendering Defendant ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). To be sure, Defendant's plea agreement set forth an advisory guideline sentencing range, which was 188 to 235 months based on a total offense level of 33 and a criminal history category of IV. (Docket No. 209.) But this does not mean that Defendant's Rule 11(c)(1)(C) sentence was based on the advisory guideline sentencing range.

At best, the advisory guideline sentencing range set forth in the plea agreement simply reflects the parties' understanding of what Defendant's advisory guideline range would be absent the Rule 11(c)(1)(C) provision. But a plea agreement that simply sets

forth the parties' consideration of the Guidelines does not make a defendant eligible for a sentence reduction under Freeman or 18 U.S.C. § 3582(c)(2).  Justice Sotomayor recognized as much when she found that "the mere fact that the parties to a [Rule 11(c)(1)(C)] agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon." Freeman, 131 S.Ct. at 2697.

This is particularly true in this case, where the plea agreement also provides that, "*notwithstanding the above [Guidelines] calculations*," the parties agree to the imposition of a 180-month sentence. (Docket No. 209.) This language directly contradicts the notion that the parties "expressly use[d] a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment." Id. at 2696.  In fact, it indicates the opposite: the parties agreed to 180 months despite the Guidelines, not based on them.

Moreover, the circumstances of Defendant's plea are dissimilar to those Justice Sotomayor cites as examples of sentences imposed "based on" the Guidelines. See id. at 2698.  Defendant's plea neither "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range" nor "makes clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." Id. at 2697-98.

Thus, Defendant is not eligible for a sentencing reduction under Freeman or 18 U.S.C. §3582(c)(2), because this Court did not sentence him based on a sentencing range that has subsequently been lowered by the Sentencing Commission. See United States v. Main, 579 F.3d 200, 201 (2d Cir. 2009)(holding that district court is without authority to reduce a sentence under 18 U.S.C. §3582 (c)(2) when the sentence was dictated by a

Rule 11 (c)(1)(C) plea agreement, and not the sentencing guidelines); <u>United States v. Brown</u>, No. 04-CR-01016, 2014 WL 2653986, at *2 (E.D.N.Y. June 13, 2014)(post-<u>Freeman</u> decision consistent with <u>Main</u>).  Defendant's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2) is therefore denied.

 IT HEREBY IS ORDERED, that Defendant's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2) (Docket No. 394) is DENIED.

 SO ORDERED.


Dated: August 8, 2016
   Buffalo, New York

          <u>/s/William M. Skretny</u>
          WILLIAM M. SKRETNY
          United States District Judge